UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
NO. 10-CR-00314 (PAM/JJK)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELROY JOSEPH SAND, JR., )<br>)<br>Defendant. ) | **ORDER APPOINTING RECEIVER** |

This matter is before the Court on the Government's unopposed motion for the appointment of a receiver. Based on all the files, records, and proceedings hereunder and pursuant to applicable law, the Court GRANTS the motion, and hereby makes the following Findings of Fact and issues the following Order:

## I.
## FINDINGS OF FACT

1. The Court has jurisdiction over the subject matter of this case and jurisdiction over the Parties.

2. Venue lies properly with the Court.

3. Defendant Delroy Joseph Sand, Jr. has pleaded guilty to a charge of Theft from an Employee Benefit Plan, in violation of Title 18, United States Code, Section 664.

4. Defendant is the owner and president of Hecla, Inc., a corporation that established a 401(k) and profit-sharing employee benefit plan in 1985 for eligible employees' retirement savings, called the Hecla, Inc. Employees' Retirement Savings Plan (the "Plan").

5. On or about February 1, 2008, Defendant appointed himself as the trustee or administrator of the Plan and remained in that position through at least September 2009.

6. During 2008 and 2009, while serving as Plan administrator, Defendant improperly took $642,166.81 from the Plan for his own use.

7. In addition to the Plan itself, there are 23 other identifiable victims of this theft, and the United States will seek at sentencing an order of restitution to compensate these victims under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.

8. The Plan was covered by a $100,000 fidelity bond which may serve as a source of recovery for some of the Plan's loss.

9. Defendant remains the Plan administrator to this day but has not filed or pursued a claim on this fidelity bond on behalf of the Plan. As a result of his conviction, however, Defendant is precluded by law from continuing in this role. 29 U.S.C. § 1111. Defendant agreed at his plea hearing to cooperate fully with the United States to relinquish any authority he has over the Plan and to transfer any remaining Plan trustee responsibilities to a third party.

10. There is probable cause to believe that immediate and irreparable harm will result if a Receiver is not appointed as the successor trustee of the Plan to file an insurance claim on behalf of the plan, to administer and terminate the Plan, and to effect distribution of all Plan assets in a manner that maximizes the value of the assets, thereby minimizing the loss to victims and the impact on the community.

11. Weighing the equities, this Order is in the public interest.

## II.
## ORDER

Accordingly, **IT IS HEREBY ORDERED that**:

1. **Appointment of Receiver**.  Defendant Delroy Joseph Sand, Jr. is hereby removed as Trustee and Administrator of the Plan, and that Gary Hansen, Esq., of Oppenheimer, Wolff & Donnelly, is hereby appointed Receiver and Independent Fiduciary of the Plan with all the powers, rights, discretion and duties of a fiduciary under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.  The Receiver shall solely be the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court, and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Criminal and Civil Procedure.  The Receiver shall also be cognizant of and in compliance with all applicable ERISA provisions as well as the Plan's governing documents.

2. **Duties of Receiver**.  In addition to the powers enumerated by ERISA as set forth above, the Receiver is specifically directed and authorized to accomplish the following:

   a.   Assume full control of the Plan operations as the Receiver deems necessary and advisable with plenary authority to administer the Plan, to file any claims available on behalf of the Plan with the fidelity bond company, and to effectuate the distribution of the Plan's assets to the participants and beneficiaries.

   b.   Take exclusive custody, control, and possession of all assets and documents in the possession, custody, or under the control of the Plan, wherever situated.

The Receiver shall have the power to appoint others as custodians of such documents where advisable and necessary.

        c.     Terminate the Plan, including liquidate the Plan's assets, communicate with participants regarding the Plan's termination and their disbursal options, calculate the participants' and beneficiaries' account balances, and file appropriate termination papers with the Internal Revenue Service and the Department of Labor, Employee Benefits Security Administration.

    3.    **Compensation of Receiver**.  For the services performed pursuant to this Order, the Receiver shall be entitled to a fee of $2,000, inclusive of expenses, but only in the event additional Plan assets are recovered pursuant to paragraph 2(a) above.  In that event, the Receiver is authorized to be paid this fee from the Plan assets, to be allocated proportionally from the balances of the Plan participants.  The Receiver may petition the Court to request that additional fees and costs be paid from the Plan.  The Receiver must provide notice of that petition to the Government, which shall have 15 days to object.  Absent an objection, the Court may approve the petition.  If the Government objects, the Court will decide whether and to what extent the Receiver's petition should be granted.

    4.    **Jurisdiction**.  The Court shall retain jurisdiction of this matter for all purposes available under applicable law, until such time as the Receiver shall submit to the Court a final report notifying the Court that the Plan has been terminated and the receivership may be concluded.

SO ORDERED, this  30th  day of    March   , 2011.

 s/Paul A. Magnuson
Paul A. Magnuson
United States District Judge